GEORGE W. PARKER, in equity, *vs.* DAVID T. MOODY.

*Interest—special agreement.*

In the absence of any special agreement to that effect, interest cannot be lawfully claimed on partial prepayments made on a promissory note payable on time, without interest.

Where the payee of a promissory note, payable on time, without interest, upon being asked by the maker if he would accept partial prepayments, and allow interest on them, replied, "I think it will be all right, there will be no trouble about it," the maker might thereby understand the payee as assenting to the allowance of interest.

BILL IN EQUITY, heard on bill, answer and proofs.

The prayer of the bill was, that if the mortgage should be found to be wholly paid, that the respondent be compelled by a decree to release to the complainant.

The case is sufficiently stated in the opinion.

*S. & J. W. May,* for the complainant.

*W. B. Snell,* for the respondent.

APPLETON, C. J. The complainant, owning the equity of redemption of a mortgage, bearing date July 5, 1867, and given by one

Oscar Fairbanks, to the defendant, to secure a note of even date for eight hundred and thirty-seven dollars and fifty cents, without interest, one-half payable in one year, and one-half in two years, brings this bill for the redemption of said mortgage.

On the 10th of July, 1869, the complainant made a demand, in writing, on the defendant, to render a true account of the sum due on the mortgage, and of the rents and profits, etc.

On or about that time, said defendant rendered to the complainant an account of the sum due on the mortgage, it being the amount due on the note after deducting the several indorsements, without allowing interest on the same.

Fairbanks, the mortgagee, made several payments, before the maturity of the note, which were indorsed on the same at their respective dates.

The complainant claims that interest should be allowed on those payments from the time they were made, notwithstanding the mortgage note was on time, without interest. When a payment is made on a note payable at a future time without interest, before its maturity, in the absence of any special agreement to that effect, the payee is not entitled to have interest allowed him on the payments thus made. "It could not be inferred," remarks Wood, C. J., in *Drew* v. *Towle*, 10 Foster, 535, "that it was agreed by the parties, that interest was to be paid by the payee upon the sum paid, from the date of it to the time when the residue should become due and payable. No such contract could be implied from the transaction. It could be understood only as the payment and receipt of the money, in part discharge of the principal, and to the extent of the payment, and no more."

But it is insisted in the present case, that there was a special agreement for the allowance of interest on the several prepayments made by the mortgager. The only witnesses are the mortgager and mortgagee. Fairbanks, the mortgager, testifies most fully and unqualifiedly that there was such an agreement, and that, in pursuance thereof, he made the payments in question. The defendant qualifiedly, but not unequivocally, denies any such agreement

as Fairbanks states, but admits conversations on the subject of the allowance of interest, and that he told him "he thought it would all be right, and that there would be no trouble about it," but he adds he did not intend to allow him interest, though he did not disclose such hidden intention.

When the defendant made the above remarks, Fairbanks might well understand him as acceding to his proposition.  The defendant knew he was so understood, and received the money without undeceiving him.  If a man occupies the house of another, and the owner asks for rent, and the occupant says he will do what is right,— there will be no trouble, is not that an implied promise to pay rent? Interest is as equitably due for the loan of money as hire for the loan of a horse, or rent for the use of a farm.  It is compensation for the use of the lender's capital.  It is immaterial what may be the form of the capital loaned, though money is the most convenient, for any object of desire can be obtained by it, by means of one exchange, while, in other cases, more than one will ordinarily be required.  When, therefore, the defendant promised to do what was right in regard to the allowance of interest on the prepayments made by Fairbanks, he must be understood as having assented to his proposition.  If he did not so mean, he should at once have undeceived him.  Instead of so doing, he received the payments when made, and indorsed the amount on his note, and has had the use of so much capital before he was entitled to it.  It would be a fraud on Fairbanks to permit him to set up his undisclosed intentions when so at variance with his words and acts.  He must be held to their fair meaning as understood by Fairbanks, and as he knew they were understood, and as he intended they should be.

Allowing interest on the prepayments, the mortgage note is overpaid.

The defendant did not disclose the true state of facts, and is liable for costs.                *Bill sustained, and decree as prayed for,*
                                                *with costs for complainant.*

KENT, WALTON, BARROWS, DANFORTH, and TAPLEY, JJ., concurred.